United States District Court
Southern District of Texas
**ENTERED**
November 30, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANTHONY O. IGWE, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:17-cv-03689 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| MENIL FOUNDATION INC, | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**
**GRANTING MOTION FOR SUMMARY JUDGMENT**

The motion for summary judgment by Defendant Menil Foundation, Inc is granted. Dkt 41.

1. Background

Plaintiff Anthony Igwe is a Nigerian man who worked as a gallery attendant for the Menil Foundation from October 2009 until his resignation in December 2017. Dkt 21-1 at ¶¶ 6, 16. He was responsible for guarding the museum, welcoming guests, and providing security for special events. Dkt 41-2.

Igwe alleges several instances of discrimination on the basis of his race, national origin, and color, along with retaliation for his pursuit of those claims. Dkt 21-1 at ¶¶ 17–34. He filed a charge of discrimination with the Equal Employment Opportunity Commission in April 2013. Dkt 41-3. He alleged that the Menil Foundation denied him a promotion, paid him unequal bonus payments, disciplined him, and negatively reviewed his performance because of his race, national origin, and color and in retaliation for raising complaints. Ibid. He received a notice of right to sue from the EEOC but didn't pursue litigation at that time. Dkt 21-1 at ¶ 7; see also Dkt 41-4.

1

Suzanne Maloch is the director of human resources at the Menil Foundation. Getachew Mengesha is a gallery supervisor and was Igwe's immediate superior. Igwe sent complaints to Maloch on three instances between October 2013 and May 2014. He alleged that Mengesha (who is Ethiopian) criticized him while at work and gave negative performance reviews on the basis of his Nigerian ancestry. Dkts 41-6, 41-8, and 41-10. Maloch investigated each claim and determined that they couldn't be substantiated. Dkts 41-7, 41-9, and 41-11.

Glenn Shepherd is the director of safety and security at the Menil Foundation. He told the gallery attendants at a staff meeting on September 25, 2016 that he would hold supervisor training for interested employees. Dkt 41-21 at 3. Three gallery attendants expressed interest—Latisha Gilbert, Mirazma Sisic, and Eric Valdez. Shepherd and Mengesha began their training promptly. Dkts 41-14 and 41-15. Valdez resigned shortly after the training began and isn't further related to this dispute. Dkt 41 at 13 n 1.

Igwe didn't originally express interest. Dkt 41-14. He then told Shepherd on October 1st that he wanted to receive the supervisor training. Dkt 41-21 at 3. Shepherd directed him to speak to Mengesha, who would decide who (if at all) to promote to supervisor. Ibid. Igwe then sent Mengesha a cryptic email on October 15th. Dkt 41-13 at 2. He stated that Shepherd directed him to contact Mengesha, but that Mengesha should "not mistake this email that I am asking you," while also asking whether Mengesha was training other employees. Ibid. Mengesha responded that he recommended Gilbert, Sisic, and Valdez at Shepherd's request and had begun training them. Id at 2.

Igwe submitted a complaint to Maloch on October 19th, alleging that Mengesha and Shepherd "deliberately refused to include [his] name in a supervisory role that was made available to every employee." Dkt 41-21 at 4. Maloch investigated the complaint and determined that Igwe wasn't selected because he didn't timely inform Mengesha of his interest. Dkt 41-22 at 2. Maloch further found that Igwe wasn't trained after the initial selections because the other two gallery attendants were

2

performing in satisfactory fashion and no additional help was required. Ibid.

Igwe filed a charge of discrimination with the Texas Workforce Commission Civil Rights Division on October 23, 2016. Dkt 41-23. He alleged that he was denied the opportunity to participate in supervisory training and repeated his previous allegations of discrimination. The TWC dismissed this because the complaint didn't allege the basis for his discrimination. Dkt 41-24. Igwe filed a separate charge of discrimination with the EEOC on January 21, 2017. Dkt 41-25. He raised the same allegations as in his TWC complaint but also stated that the Menil Foundation took these actions because of his race, national origin, and color. The EEOC eventually issued Igwe a notice of right to sue on September 6, 2017. Dkt 41-26. Meanwhile, an assistant gallery supervisor had retired in February 2017. Dkt 41-27 at 2. Gilbert and Sisic were the only employees to apply to fill the vacancy and were each promoted. Dkts 41-18 to 41-20.

Igwe resigned on November 15, 2017. Dkt 41-28. He filed suit on December 6th. He asserted a constructive discharge claim in his original complaint. See Dkt 1 at ¶¶ 28–29. Judge Ewing Werlein dismissed that claim with prejudice prior to the reassignment of the case to this Court. Dkt 12 at 6–8.

Igwe continues to assert claims for violations of Title VII of the Civil Rights Act of 1964 and 42 USC § 1981. Specifically, he alleges that the Menil Foundation discriminated against him on several occasions in 2012, 2013, and 2014 on the basis of his race, color, and national origin. This included denial of pay raises, merit bonuses, and overtime; improper discipline for abuse of sick leave; negative job performance reviews; and criticism while at work. Dkt 21-1 at ¶¶ 8, 20. He also alleges discrimination in 2016 and 2017, asserting that the Menil Foundation prohibited him from participating in supervisory training. Id at ¶¶ 12–15, 19.

Igwe also asserts a claim for violations of Chapter 21 of the Texas Labor Code pursuant to the Texas Commission on Human Rights Act. Specifically, he alleges that the Menil Foundation ceased accepting applicants for supervisor training in retaliation for his filing complaints with human resources and charges with the TWC and the EEOC. Dkt 21-1 at ¶¶ 29–34.

3

The Menil Foundation moved for summary judgment on these three, remaining claims. Dkt 42.

2. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedures requires a reviewing court to grant a motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law . . . ." *Anderson v Liberty Lobby, Inc*, 477 US 242, 248 (1986); see also *Smith v Harris County, Texas*, 956 F3d 311, 316 (2010). And a dispute is *genuine* if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 US at 248. The function of the trial court at the summary judgment stage isn't to weigh the evidence and determine the truth of the matter, but rather, "to determine whether there is a genuine issue for trial." Id at 249; see also *Smith*, 956 F3d at 316; *Conversion Properties LLC v Kessler*, 994 SW2d 810, 813 (Tex App—Dallas 1999, pet ref'd) (affirming summary judgment in lien seniority dispute).

A court reviewing a motion for summary judgment must draw all reasonable inferences in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008). The moving party also typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises, Inc*, 783 F3d 527, 536 (5th Cir 2015) (citation omitted); see also *Celotex Corp v Cartrett*, 477 US 317, 323 (1986). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536 (citations omitted).

The party opposing summary judgment must also identify specific evidence in the record and articulate precisely how that evidence supports his or her claim. *Willis v Cleco Corp*, 749 F3d 314, 317 (5th Cir 2014) (citations omitted). It isn't enough to simply file an undifferentiated collection of exhibits. "If somewhere in a record there is evidence that might show a

dispute of material fact, the district court needs to be pointed to that evidence as opposed to having to engage in an extensive search." *Hernandez v Yellow Transportation Inc*, 670 F3d 644, 654 (5th Cir 2012) (citations omitted).

### 3. Analysis

#### a. Failure of summary judgment opposition

Igwe devotes a substantial portion of his response to argument regarding constructive discharge. See Dkt 42 at 5–7. Those arguments needn't be addressed. That claim has already been dismissed. Dkt 12 at 6–8.

Igwe also entirely fails to point to specific evidence in the record in support of his opposition to summary judgment. Indeed, the sole instance of record citation is this final sentence of his response brief: "As shown by Plaintiff's Charges of Discrimination, and attached exhibits (Ex. A1-G1, J1), there are fact issues for a jury to consider." Dkt 42 at 11. The Fifth Circuit is clear that arguments lacking specific record citations are insufficient to resist summary judgment. *Willis*, 749 F3d at 317 (citations omitted). Failure to rebut the movant's factual assertions with countering citations to record evidence is fatal to claims attacked under Rule 56. For example, see *Jackson v Brennan*, 2019 WL 5964508, *5 (SD Tex).

Summary judgment is granted on this basis alone. Even so, the merits of certain arguments are addressed further below.

#### b. Technical bars

The Menil Foundation correctly argues that aspects of Igwe's claims are barred by applicable statutes of limitations and failure to exhaust administrative remedies. The following timeline provides helpful context:

- o *July 2012:* Mengesha disciplined Igwe for abusing sick leave. Dkt 41-29.
- o *October 2013:* Mengesha denied Igwe overtime. Dkt 41-30.
- o *February 2014:* Mengesha disciplined Igwe for fanning himself while working. Dkt 41-31.

5

- o *May 2014:* Igwe received an improperly low merit bonus because Mengesha gave Igwe low scores on performance review. Dkt 41-10.
- o *October 2016 through 2017:* Mengesha denied Igwe participation in the supervisor training. Dkt 21-1 at ¶¶ 10–11.

*As to Title VII claims.* A plaintiff must file a charge of discrimination with the EEOC under Title VII within 180 days of a discrete alleged discriminatory act—or 300 days in a so-called deferral state. 42 USC § 2000(e)–5(e)(1); see *Carter v Target Corp*, 541 F Appx 413, 419 (5th Cir 2013). Texas is a deferral state. *Mennor v Fort Hood National Bank*, 829 F2d 553, 554 (5th Cir 1987). The statute of limitations thus bars all claims except those concerning the denial of training.

Igwe doesn't really dispute this. He instead responds that all of the events included in his 2017 charge are timely under the continuing-violation doctrine. Dkt 42 at 7–8. But that doctrine applies only when "the unlawful employment practice manifests itself over time, rather than as a series of discrete acts." *Pegram v Honeywell, Inc*, 361 F3d 272, 279 (5th Cir 2004), quoting *Frank v Xerox Corp*, 347 F3d 130, 136 (5th Cir 2003). A discrete discriminatory act "occurred on the day it happened." *National Railroad Passenger Corp v Morgan*, 536 US 101, 110 (2002). It is one in which the unlawful character is determined by a "single occurrence." Id at 111. By contrast, a continuing violation is unlawful only by reference to a pattern of behavior. See *Hamic v Harris County WC & ID No 36*, 184 F Appx 442, 447 (5th Cir 2006).

For instance, a discriminatory denial of disability benefits is a discrete act because "a single act"—that is, the denial—forms "the basis for the alleged wrongful discrimination." *Berry v Allstate Insurance Co*, 84 F Appx 442, 444 (5th Cir 2004). On the other hand, minor insults and the imposition of workplace inconveniences are only actionable when they occur repeatedly over a prolonged period of time. It is for this reason that the continuing-violation doctrine is regularly asserted by a plaintiff who brings a hostile work environment claim. For example, see

*Heath v Board of Supervisors for Southern University and Agricultural and Mechanical College*, 850 F3d 731, 735–36, 740–71 (5th Cir 2017).

Each of the allegations above is a discrete instance of discrimination by these standards. As such, each one is subject to the limitations period, regardless of whether "they are related to acts alleged in timely filed charges." *Pegram*, 361 F3d at 279, citing *Morgan*, 536 US at 113. The statute of limitations bars all allegations of discrete instances of discrimination that occurred prior to the 300th day before the charge filed by Igwe with the EEOC, viz, March 27, 2016.

Not all of Igwe's claims are clearly specified. For instance, he appears to assert that he was discriminatorily denied promotion. The Menil Foundation also argues that such claim (if asserted) is barred for failure to exhaust administrative remedies. See Dkt 41 at 17–18. This is so, it says, because the promotions occurred after Igwe filed his charge with the EEOC, and he didn't file a new or amended charge. Id at 18. The Fifth Circuit is indeed clear that district courts aren't to consider claims that weren't made to the EEOC unless they "can reasonably be expected to grow out of the charge of discrimination." *Chhim v University of Texas at Austin*, 836 F3d 467, 472 (5th Cir 2016), quoting *Pacheco v Mineta*, 448 F3d 783, 788–89 (5th Cir 2006). To the extent Igwe asserts a failure-to-promote claim, it is barred for failure to exhaust administrative remedies.

*As to § 1981 claims.* The statute of limitations requires that claims under § 1981 be brought within four years. 28 USC § 1658(a); see *Jones v RR Donnelley & Sons Co*, 541 US 369, 383–85 (2004). Igwe filed this suit on December 6, 2017. The statute of limitations thus bars those claims that accrued before December 6, 2013.

c. Discrimination claims; merits

Igwe brings two discrimination claims that survive the statute of limitations. He asserts as to Title VII that Mengesha refused to train him as a supervisor. And he asserts as to § 1981 that Mengesha improperly disciplined him while at work, gave him low scores on his performance review leading to an improperly low merit bonus, and refused to train him as a supervisor.

A *prima facie* case for racial discrimination requires a plaintiff to show that:
- o *First,* he is a member of a protected class;
- o *Second,* he was qualified for the position;
- o *Third,* he was subject to an adverse employment action; and
- o *Fourth,* he was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably.

*Bryan v McKinsey & Co*, 375 F3d 358, 360 (5th Cir 2004) (citations omitted). The summary judgment analysis is the same for Title VII and § 1981. *Davis v Dallas Area Rapid Transit*, 383 F3d 309, 316 (5th Cir 2004).

The Menil Foundation doesn't dispute that Igwe meets the first two elements. It argues that Igwe fails to establish the third and fourth. Dkt 41 at 10, 12. As to the fourth, Igwe clearly fails to present evidence of a similarly situated employee outside the protected class that received preferential treatment.

The Fifth Circuit instructs that a similarly situated employee must present "nearly identical circumstances" to the plaintiff. *Lee v Kansas City Southern Railroad Co*, 574 F3d 253, 260 (5th Cir 2009) (citations omitted). For the discipline claim, this means that Igwe must identify an employee who behaved similarly and wasn't disciplined to the same extent. For the claim related to performance scores, he must identify an employee of comparable competency that received either a higher performance score or a higher bonus (or both). And for the training claim, he must identify an employee that was allowed participation in supervisor training without a timely expression of interest in such training. A plaintiff's subjective belief that he was subject to discrimination doesn't satisfy this element. *Vasquez v Nueces County*, 551 F Appx 91, 94 (5th Cir 2013); see also *Alkhawaldeh v Dow Chemical Co*, 851 F3d 422, 426–27 (5th Cir 2017).

Igwe fails to identify any such employees. The Menil Foundation points out that one of the individuals selected for training (Gilbert) is the same race and color as Igwe. Dkt 41 at

8

12, citing Dkt 41-1 at 10. It also observes, "The only evidence Igwe has that he was treated less favorably is his own subjective, conclusory statements." Id at 22. That accurately reflects the state of the record. Igwe admitted in his deposition that he had no personal knowledge either of performance appraisal scores or merit bonuses of other gallery attendants, or of whether they were subjected to the same type of scrutiny for sick leave or fanning themselves in the gallery. See ibid (collecting deposition citations). In the cited deposition testimony, Igwe at best testified that Mengesha discriminated against him for two reasons. The first was because Ethiopians "are known to be hateful towards Nigerians." Dkt 41-1 at 24. And the second was because Mengesha supervised his own wife (who was also as a Menil Foundation employee), which Igwe complained was a conflict of interest and violated company policy. Id at 21. These subjective types of allegations are insufficient to satisfy the element requiring evidence of a similarly situated employee outside the protected class. *Vasquez*, 551 F Appx at 94.

    d. Retaliation claim; merits

Igwe asserts that his denial of training was retaliation for engaging in protected activity in violation of state law. Court decisions in Texas under the Texas Commission on Human Rights Act with respect to retaliation parallel federal cases construing and applying Title VII or other, similar federal statutes. *Alamo Heights Independent School District v Clark*, 544 SW3d 755, 781 (Tex 2018); see also *Shackleford*, 190 F3d at 403 n 2.

A *prima facie* case for this claim requires Igwe to show that:
- *First,* he engaged in activity protected by Title VII;
- *Second,* the Menil Foundation took an adverse employment action against him; and
- *Third,* a causal connection exists between the protected activity and the adverse employment action.

*Zamora v City of Houston*, 798 F3d 326, 331 (5th Cir 2015) (citations omitted).

The Menil Foundation contests the second and third elements. Dkt 41 at 28–29. As to the third, Igwe clearly fails to

9

show a causal connection between the protected activity and his denial of training. The burden is on Igwe to establish that his protected activity was a *but for* cause of the alleged adverse action by the Menil Foundation. *Zamora*, 798 F3d at 331, quoting *University of Texas Southwestern Medical Center v Nassar*, 570 US 338, 362 (2013). And again, the Fifth Circuit holds that a subjective belief by the plaintiff in this regard is insufficient. *Vasquez*, 551 F Appx at 94, citing *Baltazor v Holmes*, 162 F3d 368, 377 n 11 (5th Cir 1998).

Igwe fails to meet his burden. He points to no specific evidence establishing causation in his response. He at best attaches as exhibits his charges filed with the TWC and the EEOC, together with a statement of his work following those charges. Dkt 42 at 11. But these exhibits do nothing more than place in some semblance of temporal proximity the charges and his subsequent work history. In that sense, they assert only a subjective belief that the Menil Foundation denied training because Igwe filed his complaints with human resources and charges with the TWC and the EEOC. See Dkt 41-1 at 15–16 (deposition). This is insufficient.

### 4. Conclusion

The motion for summary judgment by the Menil Foundation, Inc is GRANTED. Dkt 41.

The claims against the Menil Foundation are DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on November 30, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge